# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FRANK CASTRO LELLIE,**
   **Petitioner,**

  v.                Case No. 18-C-0085

**JUDY SMITH,**
   **Respondent.**

_____

## DECISION AND ORDER

Frank Castro Lellie petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Before me now is the respondent's motion to dismiss the petition.

## I. BACKGROUND

Lellie was convicted in Milwaukee County Circuit Court of one count of burglary and two counts of using a person's identifying information to obtain money. These convictions arose out of a series of crimes that were charged in two separate cases. In one case, Lellie was charged with seven counts. Four of the counts were based on two separate instances in which Lellie's accomplice unlawfully entered hospital locker rooms and stole credit cards that belonged to hospital employees. Lellie later used the stolen credit cards to purchase items. Two of the counts were based on a separate instance in which Lellie's accomplice burglarized a building to obtain a set of keys, and then used the keys to enter an apartment and steal a resident's purse. Lellie used the stolen credit card to make purchases. The remaining count involved Lellie's receiving property that had been stolen in a purse-snatching incident. In the second criminal case, Lellie was charged with second-degree recklessly endangering safety and theft. These charges arose out of an incident in which Lellie and an accomplice stole a purse out of a

person's vehicle. When the victim tried to stop the theft by grabbing onto Lellie's car, Lellie began to drive away, causing the victim to be dragged for several feet.

Lellie agreed to plead guilty to the burglary and the identity-theft charges. The plea agreement provided that the remaining charged offenses in the two criminal cases would be dismissed and "read in." This means that the parties agreed that the sentencing judge could consider these offenses when sentencing him on the other offenses, but the read-ins could not increase the maximum sentence for the crimes to which Lellie pleaded guilty. *See State v. Straszkowski*, 310 Wis.2d 259, 264–65 (2008).

The trial court sentenced Lellie based on the plea agreement. However, this sentence was later vacated because it was based on inaccurate information about Lellie's prior convictions. Resentencing before a different trial judge occurred in 2014. On March 24, 2014, the trial court held a resentencing hearing, at which the parties made their recommendations. On April 4, 2014, the trial court delivered its new sentence.

At the resentencing hearing, the prosecutor referenced an impact statement made by the victim of the purse-snatching incident, Gerda Prill. Tr. at 14, ECF No. 10-2. Lellie was not charged as the perpetrator of the purse snatching but was charged with receiving property that had been stolen in the purse snatching. That charge was read-in at sentencing. In her statement, Prill stated that she was "still recovering emotionally" and that she was "afraid to go out of the house." ECF No. 10-10 at. p. 83 of 125. Also at the resentencing hearing, the prosecutor alluded to the possibility that Lellie was involved in two unsolved purse-snatching incidents that occurred in the summer of 2012. Tr. at 20–21, ECF No. 10-2. The prosecutor described the facts of

these incidents and noted that they were similar to the facts of the crimes Lellie admitted to.

The trial judge explicitly relied on Prill's impact statement when delivering his sentence. Resentencing Tr. at 43, ECF No. 10-3. However, the trial judge did not explicitly rely on the unsolved purse-snatching incidents. The judge sentenced Lellie to a total of 14 years in custody: nine years of initial confinement and 5 years of extended supervision.

After resentencing, Lellie's postconviction counsel filed a motion arguing that the trial judge had improperly relied on Prill's victim-impact statement. The motion argued that Prill's statement described only the effect of the purse snatching on her life, and that therefore the trial judge should not have relied on it when sentencing Lellie, as Lellie was not charged with having stolen the purse, only with having received property that had been stolen in the purse snatching. Lellie's counsel argued that the trial judge's considering the statement at resentencing deprived Lellie of his due-process right to be sentenced based on accurate information, caused his sentence to be based on an improper factor, and breached the terms of the plea agreement.

The trial judge denied the postconviction motion. In his written decision, he explained that he never thought that Lellie was the perpetrator of the purse snatching and understood that the read-in charge based on that incident was limited to Lellie's receiving stolen property. The judge also explained that, even though Lellie was charged only with receiving stolen property, Prill's statement was still relevant to his sentence:

> Victims of multiple crimes occurring in a single criminal episode do not necessarily experience separately the impact of each crime, and therefore, it is unreasonable to suggest that the victim should have limited her statement to the impact of the lesser offense of receiving stolen property, when this crime was part of a larger criminal episode involving a robbery. Both crimes involved a violation of Ms. Prill's property rights. Even if the defendant was the person who received her stolen property rather than the person who took it from her by force, that distinction does nothing to mitigate the victim's fear about people in our community who would interfere with her property rights. Given the entire criminal episode that occurred, the court is not persuaded that Ms. Prill's statement was irrelevant or that it was an unreasonable or improper sentencing factor for the court to consider.

ECF No. 10-6 at 3. The judge added that although he considered Prill's statement at resentencing, he did not place as much weight on it as he placed on other sentencing factors, including Lellie's extensive criminal record that spanned nearly 35 years and involved multiple crimes of deceit and theft. Finally, the judge found that nothing in the plea agreement prevented him from considering Prill's statement at sentencing.

Lellie chose to represent himself on his direct appeal to the Wisconsin Court of Appeals. In his pro se brief, Lellie raised the same issues regarding the trial court's use of Prill's statement during sentencing that he raised in his post-conviction motion, including his claim that the court's considering the statement deprived him of his right to be sentenced based on accurate information. Lellie also argued that his trial counsel rendered ineffective assistance during the plea-bargaining stage and at the sentencing hearing. Finally, Lellie argued that the trial court improperly considered the two unsolved purse-snatching incidents that the prosecutor discussed at the sentencing hearing. The Wisconsin Court of Appeals affirmed Lellie's conviction and sentence. The court first determined that Lellie had forfeited his right to claim that he was resentenced based on inaccurate information because he did not object to any of the

4

allegedly inaccurate information when it was presented to the court at the resentencing hearing. Likewise, the court found that Lellie's failure to object resulted in forfeiture of his claim that the court's considering the information constituted a breach of the plea agreement. Finally, the court found that the trial court properly considered Prill's victim-impact statement even though Lellie was not charged with the purse snatching itself. The Wisconsin Court of Appeals did not address Lellie's claim that he had received ineffective assistance of trial counsel. Lellie sought further review in the Wisconsin Supreme Court, which declined to hear the case.

In his habeas petition, Lellie alleges five grounds for relief. First, he contends that the trial court resentenced him based on inaccurate information, namely, Prill's victim-impact statement and the prosecutor's suggestion that Lellie was involved with two uncharged robberies. Second, he contends that the trial court's use of the Prill statement and the uncharged conduct during sentencing resulted in the court's erroneously applying its sentencing discretion. Third, Lellie contends that the state breached the plea agreement by informing the court of the uncharged conduct at the sentencing hearing. Fourth, Lellie contends that his trial counsel was ineffective in not objecting to the use of the Prill statement and the uncharged conduct at the sentencing hearing. Finally, Lellie contends that his trial counsel was ineffective in failing to renegotiate the plea agreement after his original sentence was vacated.[1]

---

[1] Lellie also alleges, as a purported freestanding ground for relief, that the trial court's considering the disputed information at resentencing was not harmless error. *See* Petition, ground five. However, harmless error is a question that arises in the context of other claims and it not itself a ground for habeas relief. Therefore, I do not discuss harmless error as a separate ground for relief.

The respondent moves to dismiss Lellie's petition on procedural grounds. First, she contends that Lellie procedurally defaulted his claim that he was sentenced based on inaccurate information and his claim that the state breached the plea agreement because he failed to object on those grounds during the sentencing hearing. Second, the respondent contends that Lellie procedurally defaulted his two claims of ineffective assistance of trial counsel because he did not fairly present them to the state courts. Finally, the respondent points out that Lellie's remaining claim—that the trial court misapplied its sentencing discretion—does not implicate federal law and therefore is not cognizable under § 2254.

## II. DISCUSSION

### A. Claims Based on Sentencing Information (Grounds One and Four)

The Wisconsin Court of Appeals rejected Lellie's claim that he was sentenced based on inaccurate information and his claim that the state breached the plea agreement on the ground that he did not object on either of these grounds at the resentencing hearing. This was an application of the state's contemporaneous-objection rules, under which a criminal defendant forfeits a challenge to his sentence based on inaccurate information or breach of the plea agreement if he does not object at the time that the alleged inaccurate information is presented or the breach of the plea agreement occurs. *See, e.g., State v. Benson*, 344 Wis. 2d 126, 136 (Ct. App. 2012); *State v. Duckett*, 324 Wis. 2d 244, 248 (Ct. App. 2010). The respondent argues that the court's disposition of these federal claims rests on an independent and adequate state ground, and that therefore I may not reach the merits.

When a state court resolves a federal claim by relying on a state-law ground that is both independent of the federal question and adequate to support the judgment, federal habeas review of the claim is foreclosed. *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (7th Cir. 2010). The state-law ground relied on by the state court can be procedural, in which case the claims are "commonly referred to as being procedurally defaulted." *Id.* (quoting *Woods v. Schwartz*, 589 F.3d 368, 373 (7th Cir. 2010)). Thus, when a state court refuses to reach the merits of a petitioner's federal claims because they were not raised in accordance with the state's procedural rules—including because the petitioner failed to contemporaneously object—that decision rests on an independent and adequate state procedural ground. *Kaczmarek*, 627 F.3d at 591.

Here, there is no dispute that the state contemporaneous-objection rules are independent of the federal questions underlying Lellie's claims. Moreover, Lellie does not contend that the rules are not "adequate"; that is, he does not dispute that these rules were proclaimed in advance and that the court of appeals applied them in a consistent and principled way. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000). Moreover, the Seventh Circuit has observed that Wisconsin's contemporaneous-objection rules are regularly followed. *See Promotor v. Pollard*, 628 F.3d 878, 886 (7th Cir. 2010) ("Wisconsin courts have regularly followed the rule that information that is not contested at trial cannot be objected to later."). Accordingly, Lellie has procedurally defaulted his claim that he was sentenced based on inaccurate information and his claim that the state breached the plea agreement.

A procedural default may be excused if the petitioner can show both cause for and prejudice from the default, or can demonstrate that the federal court's failure to

7

consider the claim would result in a fundamental miscarriage of justice. *See, e.g., Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013). Lellie has not attempted to show that he fits within the fundamental-miscarriage-of-justice exception. However, Lellie does argue that his trial counsel was ineffective in failing to object to the Prill statement and the information concerning the uncharged offenses, and that such ineffectiveness constitutes cause for his default. But an ineffective-assistance claim asserted as cause for setting aside a procedural default can itself be defaulted, *see Promotor*, 628 F.3d at 887, and here Lellie has defaulted that claim, as explained below.

In Wisconsin, to raise a claim of ineffective assistance of trial counsel on direct appeal, a criminal defendant must first file a postconviction motion in the trial court raising that claim. *See, e.g., State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 677–78 (Ct. App. 1996). If the defendant does not raise the ineffective-assistance claim in a postconviction motion in the trial court, the court of appeals will not address the claim. *Id.* at 678. In the present case, Lellie did not file a postconviction motion in the trial court raising his claim of ineffective assistance of trial counsel. Rather, he raised that claim for the first time in his brief in the court of appeals. For this reason, the court of appeals did not address the claim.

By raising his ineffective-assistance claim for the first time in the court of appeals, Lellie failed to "fairly present" it to the state courts. *See, e.g., Castille v. Peoples*, 489 U.S. 346, 351 (1989) (defendant does not fairly present his claim to the state courts when he presents it "in a procedural context in which its merits will not be considered"). By not fairly presenting his claim to the state courts, Lellie failed to properly exhaust it. *See King v. Pfister*, 834 F.3d 808, 815 (7th Cir. 2016) Moreover, because it is now too

late for Lellie to go back to state court and exhaust the claim, Lellie's failure to fairly present his ineffective-assistance-of-trial-counsel claim to the state courts results in a procedural default of that claim. *See Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

However, if Lellie can meet the cause-and-prejudice standard for his default of his claim of ineffective assistance of trial counsel, then he may still be able to use that claim as cause for his procedural default of his other federal claims. *See Promotor*, 628 F.3d at 887. And Lellie seems to contend that he has cause for failing to properly raise his claim of ineffective assistance of trial counsel because that failure was caused by the ineffective assistance of his *postconviction* counsel, Urszula Tempska. (Br. at 18, ECF No. 11.) But again, this claim of ineffective assistance could constitute cause only if it was properly exhausted in state court. In Wisconsin, the way to properly exhaust a claim of ineffective assistance of postconviction counsel is to file, in the trial court, either a petition for a writ of habeas corpus or a motion under Wis. Stat. § 974.06. *See Rothering*, 205 Wis. 2d at 681. As far as the record in this case reveals, Lellie has done neither of these things. Accordingly, Lellie has not shown that he has properly exhausted his claim of ineffective assistance of postconviction counsel, and therefore I may not consider it as cause for setting aside the procedural default of his claim of ineffective assistance of trial counsel. This, in turn, means that Lellie cannot establish cause for setting aside the procedural default of his claims that he was sentenced based on inaccurate information and that the state breached the plea agreement.

In any event, even if Lellie could establish cause for his default of his inaccurate-information and breach-of-the-plea-agreement claims, he could not show prejudice.

9

This is so because the defaulted claims fail on the merits. First, Lellie cannot show that he was sentenced based on inaccurate information. To succeed on such a due-process claim, Lellie must show that any incorrect information was "materially untrue" and that the sentencing court actually relied on the information when announcing its sentence. *See Promotor*, 628 F.3d at 888. With respect to Prill's victim-impact statement—on which the sentencing judge did rely—Lellie has not established that it contained inaccurate information. Lellie contends that, in relying on Prill's statement, the trial judge assumed that Lellie actually stole Prill's purse. However, nothing in the judge's statements during sentencing suggests that he assumed that Lellie committed the robbery itself. Moreover, in his decision on the postconviction motion, the trial judge made clear that he did not assume that Lellie committed the robbery and that he used Prill's statement only because it reflected the impact of the broader criminal episode that included Lellie's receiving her stolen property. Thus, the use of Prill's statement did not deprive Lellie of due process.

With respect to the uncharged robberies, Lellie has not shown that the trial judge actually relied on this information when announcing his sentence. He has not pointed to any part of the sentencing transcript in which the trial judge mentions either offense. And I have been unable to find in the transcript any references to these offenses or any statements by the judge suggesting that he considered these offenses when determining Lellie's sentence. Accordingly, Lellie is not entitled to relief on his claim involving the uncharged offenses.

Lellie also contends that the prosecutor breached the plea agreement by discussing the uncharged offenses. If this were true, and if the breach was not

insubstantial, immaterial, technical, or cured, then Lellie might have a viable federal claim. *See, e.g., Campbell v. Smith*, 770 F.3d 540, 546 (7th Cir. 2014). But Lellie does not point to anything in the record suggesting that the plea agreement prohibited the prosecutor from discussing the uncharged offenses at sentencing. Lellie seems to believe that unless the plea agreement expressly allowed the prosecutor to discuss the uncharged offenses, then the prosecutor could not do so without breaching the agreement. However, in Wisconsin, a sentencing court may consider uncharged and unproven offenses whether or not the defendant consents to having them read in. *State v. Straszkowski*, 310 Wis.2d 259, 278 (2008). Thus, Lellie has not shown that the prosecutor actually breached the plea agreement.

**B.    Ineffective Assistance of Trial Counsel (Grounds Two and Six)**

The petitioner brings separate claims alleging that his trial counsel was ineffective in not objecting to the Prill statement and the uncharged conduct at sentencing and in failing to object to the prosecutor's alleged breach of the plea agreement. As explained in the prior section, Lellie did not fairly present these claims to the state courts, and therefore has procedurally defaulted them. Also, as explained, Lellie has not shown cause for these defaults. In the prior section, I also explained that Lellie could not succeed on his claims involving the Prill statement, the uncharged conduct, and the alleged breach of the plea agreement. Because these claims would have failed on the merits, Lellie cannot show that he suffered actual prejudice from the default of his ineffective-assistance claims based on counsel's failure to object to the Prill statement, the uncharged conduct, and the alleged breach of the plea agreement.

11

Lellie also alleges that his counsel was ineffective in failing to negotiate a new plea agreement between the time that his original sentence was vacated and the time that he was resentenced. *See* Petition, ground six. As with his other claims of ineffective assistance of counsel, Lellie did not fairly present this claim to the state courts, because he did not first raise it in a postconviction motion in the trial court. In any event, the claim would fail on the merits. Lellie's sentence was vacated for reasons unrelated to the plea agreement, and there was no apparent reason for trial counsel to renegotiate the agreement prior to resentencing. Accordingly, trial counsel could not have been ineffective in failing to renegotiate that agreement. *See Strickland v. Washington*, 466 U.S. 668 (1984).

**C.    Improper Sentencing Factors (Ground Three)**

In ground three of his petition, Lellie alleges that he was sentenced based on improper factors. For the most part, this ground merely reiterates the arguments that I already discussed above, such as that he was sentenced based on inaccurate information and that the prosecutor breached the plea agreement. However, the respondent contends that this claim seeks relief on the ground that the trial court misapplied its sentencing discretion under state law. To the extent that this is the case, the claim must be dismissed because errors of state law are not cognizable under § 2254. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). And to the extent that the claim merely reiterates arguments raised in the grounds discussed above, they are rejected for the reasons given above.

### III. CONCLUSION

For the reasons stated, Lellie is not entitled to relief on any of the federal claims alleged in his petition. Therefore, **IT IS ORDERED** that the respondent's motion to dismiss the petition is **GRANTED**. The Clerk of Court shall enter final judgment. Pursuant to Rule 11 of the Rules Governing § 2254 Cases, I find that the petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2018.

    s/Lynn Adelman
LYNN ADELMAN
United States District Judge